TIRZA A. KATTELMAN

v.

ESTATE OF GEORGE W. GUTHRIE.

*Guardian and Ward—Receipt in Full—Jurisdiction of Circuit Court.*

1. Compound interest can not be recovered from the estate of a deceased guardian, who, at his death, was indebted to his ward in a given sum, unless there was a wilful withholding of the funds, in case of a suit by the ward against the estate for such funds so held as guardian.

2. If the ward, after attaining majority, and without any fraud being perpetrated, permits his ex-guardian to retain and handle such funds, compound interest can not be allowed.

3. Upon a claim filed against the estate of an ex-guardian of claimant, the same being alleged to cover an amount received by him as guardian and never paid over, a certain receipt having been given by her to him in his lifetime, in full of all demands, this court declines to interfere with judgment in her favor in a sum named.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Messrs. G. & G. A. KOERNER, and R. J. GODDARD and M. McMURDO, for appellee.

SAMPLE, J. The deceased, George W. Guthrie, as the guardian of Tirza A. Kattelman, *nee* Johnston, received and controlled her estate as such, until November 2, 1881, when he made his final report to the County Court, which showed that the amount of the estate in his hands was $4,298.08. With his report he filed the following receipt of the appellant:

"Received of Geo. W. Guthrie, my guardian, the sum of $4,298.80 in full of all claims against him as such guardian, and I do hereby acknowledge the foregoing settlement as correct.

"TIRZA A. JOHNSTON.

"November 2, 1881."

Thereupon the court approved said report and ordered it to be filed and recorded. This receipt, as testified to by the clerk of the court, was signed understandingly by her, and after she had arrived at her majority.

There is no evidence in this record that Guthrie was guilty of any fraud or misrepresentations to induce her to sign it. He was her uncle, and doubtless she had confidence in his business ability and integrity to properly control and invest her money thereafter. This is implied from the fact that so far as disclosed by this record, he was not asked to pay it over until the 10th day of February, 1888, two days before his death. Had there not been some understanding or agreement between the parties, evidently the matter would not have been allowed to drag along for a period of over five years without some steps being taken to collect it, or at least de-

mands made upon him. After Guthrie's decease, his wife, Rebecca, was appointed administratrix of his estate, and Tirza A. Kattelman filed a claim in the Probate Court against the estate for the sum of $7,500, about the last of December, 1889, where, upon trial before the judge of the court, the sum of $3,723.54 was allowed, from which judgment an appeal was taken to the Circuit Court, where, upon trial before the judge of that court, a judgment for the same amount was entered, from which judgment and finding an appeal was taken to this court, where error is assigned that the court gave judgment for too small a sum, upon which assignment three points are made by appellant, viz.:

First. Does the evidence sustain the contention that Guthrie bought the Nixon land and improved it with his ward's money?

Second. Could he get any credit for the outlay if he had?

Third. Is Guthrie's estate liable for compound interest?

The first and third questions arise upon the facts developed by the evidence. That evidence has been carefully examined, and in view of the fact that the judges of two courts that had the witnesses before them, have found in the same way, we do not feel disposed to disturb those findings, or to enter into an analysis of the evidence in detail to show why we are disposed to believe that they are sustained. They involve controverted questions of fact, especially as to whose money paid for the Nixon land and the improvements. Mrs. Fellows, the mother of claimant, testified that her money paid for that land and the improvements. Her evidence on this point is directly contradicted by that of Mr. and Mrs. Baden. In addition to this direct evidence, the circumstances and nature of the transaction considered in all its features seem to support the defense.

As to compounding the interest, that should only be done in case of a wilful withholding of the funds, in case of a suit by the ward against the estate for such funds so held as guardian. If the claimant, after her majority and without any fraud being perpetrated, permitted Guthrie to retain and handle such funds, then of course no compound interest could

be allowed. As to the second point made, that the estate was not entitled to credit for the $2,200, although Guthrie did pay for the lands and improvements out of this ward's money which was conveyed to and received by her, we do not think it well taken. By the allowance of this credit, the order of the County Court is not necessarily attacked, which found there was a certain amount due the ward on final settlement. This land transaction was an outside matter which, as appears from the evidence, was personal as between the parties. It may be fairly inferred that the parties treated it as a transaction between them as debtor and creditor, and not as guardian and ward. The court below having found that Guthrie conveyed to this claimant and that she received and retained the land, and paid him nothing for it, he should receive credit for the amount that he expended in her behalf, unless the rigid rule of law invoked by appellant forbids it, which we do not find, for the reasons above stated, to interfere with its allowance. We can not consider the point made in the brief of appellee's counsel, that the Circuit Court could not, under the new law, take jurisdiction of the appeal from the County Court for the reason that no cross-errors were assigned. The judgment is affirmed.

*Judgment affirmed.*